# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AYALLA GOLDSCHMIDT | ) | |
| | ) | |
| v. | ) | 3-07-CV-670-AH |
| | ) | |
| UNITED STATES ATTORNEY | ) | |
| GENERAL, ET AL | ) | |

## MEMORANDUM OPINION AND ORDER

The above styled and numbered action was transferred to the undersigned pursuant to the consent of the parties and the District Court's order filed on September 13, 2007, in accordance with 28 U.S.C. § 636(c).

Defendants have filed a motion to dismiss Plaintiff's action for lack of subject matter jurisdiction as permitted by Rule 12(b)(1), Federal Rules of Civil Procedure. Having reviewed and considered the relevant pleadings and attached exhibits the court addresses and rules on the merits of Defendants' motion.

Since Defendants' motion challenges the court's jurisdiction, Ms. Goldschmidt is required to demonstrate that exercise of jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). In the present case the court's determination may be made by considering her complaint alone. *See Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (identifying three sources which a court may consult in determining its jurisdiction over a complaint).[1]

---

[1] At this stage of the proceedings it is appropriate to accept as true the factual allegations of the complaint since no issues of fact have been raised and the claim for relief is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007) (describing the standard to be applied when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

1

The facts set out in Plaintiff's complaint may be summarized as follows:

Ayalla Goldschmidt is a citizen of Germany and Israel. She came to the United States with her husband who applied for an employment based immigrant visa (I-140 EB-1) on February 10, 2005. At the same time she applied for an I-485 adjustment of status based on being a derivative beneficiary of her husband's residence status. Her husband's application was approved and he was granted permanent residence on July 15, 2005.

Plaintiff has provided all requested information, has paid all filing fees and has completed each step to allow her I-485 application to be adjudicated. Despite the fact that her husband's application was granted in slightly over five months, Plaintiff's adjustment of status application remains pending after the expiration of more than two years and eight months. The only responses to the pre-suit inquiries by her and her attorneys were that her application was still pending security checks. Because these inquiries proved fruitless Ms. Goldschmidt filed her complaint in this action on April 19, 2007, a little over two years after she and her husband filed their respective applications with the United States Citizenship and Immigration Services (USCIS).

The delay in processing Plaintiff's application for adjustment of status is hardly a unique circumstance. Indeed, the delays in adjudicating such applications have resulted in the filing of a plethora of cases in federal district courts throughout the country. *See* the published and unpublished opinions cited by the parties in the motion, response and reply. Although it does not appear that any circuit has addressed a federal court's jurisdiction to entertain complaints predicated on undue delays in adjudicating immigration applications, the respective positions of the Plaintiff and of the Defendant are neither novel nor unexamined by federal courts. Without attempting to quantify the opinions rendered which have been decided in favor of applicants for adjustment of

status vis-a-vis those in favor of the federal officials and agencies, it is clear that there exists a wide divergence of opinion as to whether federal courts have jurisdiction to consider claims for relief in the face of extended delays by USCIS in adjudicating adjustment applications.

Taken to its logical conclusion the position asserted by Defendants would allow the USCIS to hold adjustment applications in abeyance for decades without ever having to come forward with any reasonable basis for doing so. *See e.g. Kim v. Ashcroft*, 340 F.Supp. 2d 384, 393 (S.D. N.Y. 2004).

Placing an applicant for adjustment of status in such a state of limbo runs contrary to the non-discretionary duty to adjudicate an I-485 application.

Judges of this court have consistently held that persons who have filed immigration related applications have a clear right to have the discretionary adjudication of their applications completed within a reasonable period of time. *See Valenzuela v. Kehl*, 2006 WL 2474088 (N.D. Tex. Aug. 23, 2006); *Fu v. Reno*, 2000 WL 1644490 at *4 (N.D. Tex. Nov. 1, 2000); *Elmalky v. Upchurch*, 2007 WL 944330 at *3 (N.D. Tex. Mar. 28, 2007); and *Alsharquawi v. Gonzales*, 2007 WL 1346667 at *3-4 (N.D. Tex. Mar. 14, 2007).

The arguments made by Defendants in the present case are essentially identical to those advanced in *Elmalky* and *Alsharquawi*. Although not bound by the opinions of Judges Boyle and Godbey in those cases, I am persuaded that their analyses and holdings are correct.

There remains only the question of whether Plaintiff has made a *prima facie* showing of an unreasonable delay in adjudicating her I-485 application. The following factors support such a finding: (1) the 32-month delay since she filed her application, particularly when juxtaposed with the mere five-month period between the date of her husband's contemporaneously filed application -

to whom she was a derivative beneficiary - and the date on which his I-140 EB-1 application was approved; (2) Plaintiff has fulfilled all requirements and requests with respect to her application; and (3) USCIS's Texas Service Center was processing I-485 applications received as late as September 13, 2006, in March 2007 (*See* Exhibit 1 to Plaintiff's complaint).[2]

IT IS, THEREFORE, ORDERED that Defendant's motion to dismiss is denied.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED this 18th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Defendant's representation that CIS is awaiting the results of an FBI name check is insufficient to overcome Plaintiff's showing. That which constitutes an unreasonable delay is fact intensive and must be determined on a case-by-case basis which may be addressed in a motion for summary judgment or in the context of an evidentiary hearing.